_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-1046-JST (RNBx) | Date:  September 17, 2013 |
| Title:  Don Martin v. Curtis O. Barnes, PC, et al. | |

Present: The Honorable JOSEPHINE STATON TUCKER, U.S. DISTRICT JUDGE

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:**    (In Chambers) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 7)

     Before the Court is a Motion to Dismiss Plaintiff's Complaint filed by Defendant Curtis O. Barnes, PC.  (Doc. 7.)  Plaintiff Don Martin filed an opposition, (Doc. 10), and Defendant replied.  (Doc. 11.)  The Court finds this matter appropriate for disposition without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for September 20, 2013, at 2:30 p.m. is VACATED.

     For the reasons stated below, the Court GRANTS Defendant's Motion.

**I.    Background**

     When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint.  *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 5 (2010).
     Plaintiff allegedly became indebted to Velocity Investments, LLC ("Velocity"), as assignee of HSBC Bank Nevada, N.A.  (Compl. ¶ 11.)  Defendant is a law firm engaged in the business of collecting debts, and at some point, Plaintiff's debt was placed with Defendant for collection.  (*Id*. ¶ 8-9, 12.)  On or about October 18, 2012, Plaintiff received a letter from Defendant advising Plaintiff that the debt "ha[d] been placed with this firm . . . for collection" and that he had the right to dispute the debt within 30 days of receipt of the letter.  (*Id*. ¶ 13; *Id*. Ex. A.)  It also stated that "[a]t this time, no attorney with this firm has evaluated the particular circumstances of your account for purposes of possible legal action."  (*Id*. Ex. A.)  On or about November 8, 2012, Plaintiff received a

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-1046-JST (RNBx) | Date: September 17, 2013 |
| Title: Don Martin v. Curtis O. Barnes, PC, et al. | |

second letter from Defendant stating that Defendant had "been engaged to file a lawsuit against [Plaintiff]. . . ." (*Id.* ¶ 14; *Id.* Ex. B.)

On November 21, 2012, Defendant filed a complaint against Plaintiff on behalf of Velocity in Orange County Superior Court. (RJN Ex. B, Doc. 7-1.) On March 25, 2013, Plaintiff and Velocity signed a stipulation ("Stipulation") resolving all claims relating to the HSBC account ("Account"). (Desai Decl. Ex. 1 ("Stipulation"), Doc. 7-2.)[1] Pursuant to the Stipulation, Plaintiff agreed to pay Velocity $6,000 in monthly installments of $1,000 to settle the Superior Court Case. (*Id.* ¶¶ 2, 4.) Plaintiff and Velocity also agreed to "fully release each other, their . . . attorneys . . . and any other individuals or entities acting on behalf of, or for the benefit of either party to this Agreement, [from claims] arising from the [Account] including but not limited to, all claims and causes of action relating to federal and state debt collection . . . ." (*Id.* ¶ 6.)

On July 15, 2013, Plaintiff filed suit in this Court, alleging claims for violation of the Fair Debt Collection Practices Act ("FDCPA") and violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").

## II. Legal Standard

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Although for the purposes of a

---

[1] In his Opposition, Plaintiff "requests and stipulates" that the Stipulation be considered as part of the record for the purposes of this Motion. (Opp'n at 7.)

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-1046-JST (RNBx) | Date: September 17, 2013 |
| Title: Don Martin v. Curtis O. Barnes, PC, et al. | |

motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable, and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### III. Discussion

Defendant argues that in signing the Stipulation, Plaintiff released his claims against it. Plaintiff asserts that he did not intend to release his claims and, in the alternative, that his release was "against public policy and void as a matter of law." (Opp'n at 13.)[2]

Plaintiff argues that "the issue of settling any claims against the Defendant . . . for its alleged violations of [the] FDCPA and [the Rosenthal Act] were never part of or discussed as part of the consideration by the parties in reaching the settlement terms per the stipulation." (*Id.*) However, in interpreting a contract, a court "look[s] first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it. If that language is clear and explicit, it *must* be given effect . . . ." *Fireman's Fund Ins. Co. v. Superior Court*, 65 Cal. App. 4th 1205, 1212 (1997) (emphasis in original). "[W]here the meaning of the words used in a contract is disputed, the trial court must provisionally receive any proffered extrinsic

---

[2] Plaintiff also appears to argue that he did not waive his claims against Defendant because Defendant was not a "party" to the Stipulation. However, the parties do not dispute that Defendant acted as an attorney and agent for Velocity, and pursuant to the Stipulation, Defendant releases claims against "agents . . . attorneys . . . and another other individuals or entities acting on behalf of, or for the benefit of" Velocity. (Stipulation ¶ 6.)

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-1046-JST (RNBx) | Date:  September 17, 2013 |
| Title:  Don Martin v. Curtis O. Barnes, PC, et al. | |

evidence which is relevant to show whether the contract is reasonably susceptible of a particular meaning." *Wolf v. Superior Court*, 114 Cal. App. 4th 1343, 1350 (2004) (citing *Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33, 39-40 (1968)).  The Stipulation clearly states that the parties "fully release" each other from all claims arising out of the Account, including "all claims and causes of action relating to federal and state debt collection."  (Stipulation ¶ 6.)  Plaintiff does not dispute the meaning of any of the terms used in the Stipulation and does not proffer any extrinsic evidence.  As such, the plain meaning of the Stipulation controls.

Plaintiff also argues that because the only consideration he received pursuant to the Stipulation was a reduction in the amount of money he owed to Velocity, Defendant was "in effect accepting consideration from its client . . . in order to settle a dispute between [Defendant] and Plaintiff." (Opp'n at 14.)  However, even if there were a conflict, that conflict would have injured *Velocity*, and not Plaintiff.  As such, Plaintiff does not have standing to raise this issue, and it does not affect the enforceability of the Stipulation as to Plaintiff.

Finally, as to Plaintiff's Rosenthal Act claim, Plaintiff argues that the Stipulation's waiver is void as against public policy pursuant to California Civil Code § 1788.33, which provides that "[a]ny waiver of the provisions of [the Rosenthal Act] is contrary to public policy, and is void and unenforceable."[3]  However, the fact that a statutory claim is unwaivable does not mean that it cannot be released as part of the settlement of a bona fide dispute between parties.  For example, in the employment law context, although "the statutory right to receive overtime pay . . . is unwaivable . . . an employee [can] release his claim to past overtime wages as part of a bona fide dispute over those wages." *Chindarah v. Pick Up Stix, Inc.*, 171 Cal. App. 4th 796, 803 (2009); *see also Villacres v. ABM Industries, Inc.*, 189 Cal. App. 4th 562, 591 (2010) (finding that parties could release claims involving unwaivable statutory rights in a settlement because "[w]ere it

---

[3] Cal. Civ. Code § 1788.17 provides that "[n]otwithstanding any other provision of [the Rosenthal Act], every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of [the FDCPA]."  Plaintiff argues that this provision applies § 1788.33 to claims arising under the FDCPA.  However, he cites no caselaw supporting his argument, and the plain language of § 1788.17 does not appear to require applying § 1788.33 to FDCPA claims.

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-1046-JST (RNBx) | Date: September 17, 2013 |
| Title: Don Martin v. Curtis O. Barnes, PC, et al. | |

otherwise, a suit alleging [an unwaivable claim] could be resolved only through a dispositive motion or a trial."). In this case, the Stipulation represents the settlement of a bona fide dispute over the amount due on the Account. Because Plaintiff's Rosenthal Act claim arises out of that dispute, §1788.33 does not prevent Plaintiff from releasing his claim as part of a settlement.[4]

Therefore, the Court finds that the Stipulation's waiver bars Plaintiff's claims, and dismisses them with prejudice.

### III.    Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's claims are DISMISSEDWITH PREJUDICE.

Initials of Preparer:  tg

---

[4] Plaintiff argues that he did not know about his claim at the time he signed the Stipulation. (Opp'n at 15.) However, Plaintiff's claim is based entirely on letters that were sent to him months before the Stipulation was signed. Further, the Stipulation explicitly mentions "debt collection" claims, and Plaintiff was represented by counsel at the time he signed the Stipulation. Therefore, the Court need not reach the question of whether the Stipulation's waiver of Cal. Civ. Code § 1542 is enforceable. (*See* Stipulation ¶ 7; Cal. Civ. Code § 1542 ("A general release does not extend to claims which the creditor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.").)

_____